**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TURI L. REDDICK<br>　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>CHARLES WARREN, et al.<br><br>　　　　　　　　Respondents. | Civil Action No. 12-7875<br>(SDW) (MCA)<br><br><br><br>**OPINION**<br><br><br>April 5, 2013 |

**WIGENTON,** District Judge.

　　This matter comes before this Court upon petitioner Turi L. Reddick's ("Petitioner") filing of a petition ("Petition") seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a), and challenging a judgment of conviction entered by the Superior Court of New Jersey.  (See dkt. no. 1.)  This Court duly advised Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  (See dkt. no. 2.)  In response, Petitioner submitted an application seeking a stay of this matter.  (See dkt. no. 3.)

　　In his Petition, Petitioner asserted sixteen different grounds for relief. (See dkt. no. 1 at 35 - 51.)  Petitioner's application at bar seeks to stay his case "to enable [him] to exhaust State remedies regarding a #[sic] of grounds," (dkt. no. 3); Petitioner has offered no other clarification as to the nature or number of his unexhausted challenges.  (See generally dkt.)

　　The procedural history of Petitioner's state actions is as follows: (a) he was convicted on July 25, 2003; (b) his conviction was affirmed by the Appellate Division, but the matter was remanded for re-sentencing on November 2, 2006; (c) the Supreme Court of New Jersey denied

certification on May 15, 2007;[1] (d) he filed an application for post-conviction relief ("PCR") on June 3, 2008; (e) that application was denied by the Law Division on April 14, 2010, (see dkt. no. 1 at 1-5); (f) the Appellate Division affirmed said denial on March 22, 2010, see State v. Reddick, 2012 WL 952301 (N.J. Super. Ct. App. Div. Mar. 22, 2012); and (g) the New Jersey Supreme Court denied certification on October 12, 2012.  See State v. Reddick, 212 N.J. 288 (2012).  The Petition within was executed on December 13, 2012.  (See dkt. no. 1 at 34.)[2]

Therefore, pursuant to 28 U.S.C. United States Supreme Court Rule 13, Petitioner's one-year limitations period began to run ninety days after the Supreme Court of New Jersey's denial of certification on May 15, 2007, or on August 13, 2007.  See Lark v. Sec'y Pa. Dep't of Corr., 645 F.3d 596, 600 (3d Cir. 2011); Kapral v. United States, 166 F.3d 565, 571-75 (3d Cir. 1999).  His PCR application, filed on June 3, 2008, triggered statutory tolling.  Petitioner's tolling expired, presumptively, when the Supreme Court of New Jersey denied him certification regarding his PCR challenges.  See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 85 (3d Cir. 2013) (clarifying that the periods during which PCR appeals become untimely under state law are excluded from statutory tolling even if the untimely appeals are eventually addressed on their merits). At that point, Petitioner's federal habeas statute of limitations was re-triggered and kept running until halted by his filing the Petition at bar.

---

[1] This Court's own research indicates that the decision was entered on May 16, 2007. See State v. Reddick, 191 N.J. 317 (2007).  However, this one day difference is of no import for the purposes of the Court's analysis.

[2] For the purposes of this Opinion only, and without making a conclusive factual finding, the Court presumes that Petitioner handed his Petition to his prison officials for mailing to the Court on the date of executing it and, therefore, it was filed same day.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner's "mailbox rule").

Therefore, it appears that Petitioner used just under nine and a half months of his limitations period before filing his PCR application and then used about two months after his statutory tolling expired. Therefore, his instant Petition is, seemingly, timely. However, as of now, his time to file another Section 2254 petition, in lieu of the current Petition, has expired. See Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008) (relying on Duncan v. Walker, 533 U.S. 167, 181 (2001)). The law does not provide for tolling of the limitations period while a section 2254 petition is pending in federal court. Id. Hence, in the event the Petition is withdrawn without a stay, Petitioner's next section 2254 submission would necessarily be untimely (absent grant of equitable tolling).[3] However, the Supreme Court in Rhines v. Weber, provided that in certain circumstances a district court may "stay [a] petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." 544 U.S. 269, 275-76 (2005). Generally,

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

---

[3] Under federal law, equitable tolling is appropriate in four scenarios: (1) where a respondent actively misleads a petitioner with respect to her cause of action; (2) where the petitioner has been prevented from asserting his claim as a result of other extraordinary circumstances; (3) where the petitioner asserts her claims in a timely manner but has done so in the wrong forum; or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005); Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000); see also Holland v. Florida, 130 S. Ct. 2549 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).

Id at 277.  In Urcinoli, the Third Circuit ruled that a pro se petitioner is not likely to foresee the exhaustion issue on his own or to know how to avoid it. 546 F.3d at 276.  Relying on Urcinoli, the Third Circuit in Taylor v. Horn held that the district court's dismissal of petitioner's habeas petition prevented Taylor from asserting his rights, even though the dismissal may not have contravened any precedent governing at the time.  Taylor v. Horn, 504  F.3d 416, 426-27 (3d Cir. 2007)(citing Id. at 276-77).   Also, relying on Urcinoli, the District Court of New Jersey in Williams v. Ricci held that:

> "the overall gist of the pertinent law suggests that, when faced with an ambiguous situation, the District Court should, out of abundance of caution, err on the side of ensuring that the litigant's opportunity to seek full federal habeas review is preserved."

No. Civ. A. 09-182, 2009 WL 2016156 at *3 (D.N.J. July 7, 2009); Salas v. Warren, No. Civ. A. 11-5154, 2012 WL 2087733 at *2 n.4 (D.N.J. June 8, 2012).

Here, Petitioner did not disclose to the Court the grounds with regard to which he is seeking a stay; he did not even specify the number of these grounds.  (See dkt. no. 3.)  However, to ensure that Petitioner is not disfranchised of his rights by the joint operation of the exhaustion requirement and statute of limitations, see Urcinoli, 546 F.3d 269, this Court grant Petitioner's request for a stay.  A "district courts should place reasonable time limits on a petitioner's trip to state court and back[.]"  Rhines, 544 U.S. at 278; see also Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court).  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.")  This Court will provide Petitioner with an appropriate time frame within which to exhaust his state remedies and direct the Clerk to administratively terminate this matter while Petitioner pursues his claims in the state forum.

4

An appropriate Order accompanies this Opinion.

<u>s/Susan D. Wigenton, U.S.D.J.</u>

Orig:   Clerk
Cc:     Parties